BROTHER INDUSTRIES, LTD. AND BROTHER INTERNATIONAL CORP., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00860

SMITH-CORONA CORP, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00866

NAKAJIMA ALL CO., LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00867

SILVER SEIKO, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00868

AND

CANON INC. AND CANON U.S.A., INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00873

MEMORANDUM AND ORDER

(Dated April 27, 1989)

*Tanaka Ritger & Middleton (H. William Tanaka, Patrick F. O'Leary* and *Alice L. Mattice)* for the plaintiffs in Court No. 88–11–00860 and for intervenor-defendants Brother Industries, Ltd. and Brother International Corp. in Court No. 88–11–00866.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart* and *James R. Cannon, Jr.)* for the plaintiff in Court No. 88–11–00866 and for intervenor-defendant Smith Corona Corporation in Court Nos. 88–11–00860, 88–11–00867, 88–11–00868 and 88–11–00873.

*McDermott, Will & Emery (R. Sarah Compton* and *David J. Levine)* for the plaintiff in Court No. 88–11–00867 and for intervenor-defendant Nakajima All Co., Ltd. in Court No. 88–11–00866.

*Willkie Farr & Gallagher (Christopher A. Dunn* and *Zygmunt Jablonski)* for the plaintiff in Court No. 88–11–00868 and for intervenor-defendant Silver Seiko, Ltd. in Court No. 88–11–00866.

*Covington & Burling (Harvey M. Applebaum* and *David R. Grace)* for the plaintiffs in Court No. 88–11–00873 and for intervenor-defendants Canon Inc. and Canon U.S.A., Inc. in Court No. 88–11–00866.

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Jane E. Meehan);* and Office of the Chief Counsel for International Trade, U.S. Department of Commerce *(Pamela Green)* for the defendant.

AQUILINO, *Judge:* The defendant has interposed motions in each of the above-encaptioned actions for leave to file on microfilm the record of the proceedings before the International Trade Administration, U.S. Department of Commerce which resulted in *Portable Electric Typewriters from Japan Final Results of Antidumping Duty Administrative Review,* 53 Fed. Reg. 40,926 (Oct. 19, 1988).

Though reflecting consent among the parties, the motions are necessary in the light of *Interior Trade Inc.* v. *United States,* 10 CIT 472 (1986). In that action, a motion for leave to file microfilm was denied due to an inadequate showing of the desirability of presentment of the record in that format.[1] In the above actions, the mo-

---

[1] The denial also resulted from a false premise of the motion that the time-consuming process of microfilming is automatic ground for extension of the deadlines mandated by Congress and the Rules of the Court of International Trade for filing administrative records.

tions "anticipate[ ] that at least 30 boxes of documents will be required to be filed":

> A microfilmed administrative record, as opposed to a record in hard copy, will ensure that the record is maintained in proper order and condition because the microfilm format eliminates the risk that documents or pages of documents may become misplaced or lost either in duplicating, transporting or using the record * * *. [A] microfilmed administrative record would alleviate the burden placed upon all parties and the Clerk of the Court in transporting, maintaining, handling, and storing such a voluminous record as would be involved here.

> * * * [T]he Court has technical facilities which will allow persons to view a microfilm copy of the record and to print hard copy copies of all of the documents contained on the microfilm at the Court.[2]

Whatever the virtues of microfilming, in this court's experience, one is not ease of judicial scrutiny of the result thereof, especially where, as here, the original record is "extraordinarily large" and "extraordinarily voluminous", to quote defendant's motions. However, they make an offer in an apparent attempt to forestall eyestrain as follows:

> If necessary, at the Court's request, Commerce will submit in hard copy form any document referred to extensively as an exhibit to any motion or response to a motion which is filed with the Court in this Case.[3]

This offer is accepted, and means that the motions can be, and they hereby are, granted, but the court is constrained to remind counsel of the existence of CIT Rule 71(b), which provides:

> Alternative Procedure in an Action Described in 28 U.S.C. § 1581(c). As an alternative to the procedures prescribed in subdivision (a) of this rule in an action described in 28 U.S.C. § 1581(c):

> (1) Within 10 days after the date of service of the complaint * * *, the administering authority * * * may file with the clerk of the court a certified list of all items described in subdivisions (a)(1) and (a)(2) of this rule, and forthwith serve a copy of the certified list upon the plaintiff; within 10 days after the date of service of the certified list, the plaintiff shall either stipulate with the agency that the filing of the certified list alone shall constitute the record or shall designate those items contained in the certified list which it wishes to be filed with the clerk of the court. If the parties stipulate that the certified list alone shall constitute the record, the plaintiff shall forthwith file a copy of the stipulation with the clerk of the court. If the plaintiff designates those items contained in the certified list which it wishes to be filed with the clerk of the court, the plaintiff

---

[2]Defendant's Consent Motion[s] for Leave to File the Administrative Record in Microfilm Form, pp. 2–3.
[3]*Id.* at 3.

shall serve such designation upon the agency within 10 days after the filing of the certified list; within 10 days after the date of service of plaintiff's designation, the agency shall file the designated items, as well as any other items from the certified list which the agency deems relevant, with the clerk of the court.

(2) The agency shall retain the remainder of the record. All parts of the record shall be a part of the record on review for all purposes.

(3) Upon request to the agency by a party, or by the court, at any time, any part of the record retained by the agency shall be filed by the agency with the clerk of the court forthwith, notwithstanding any prior stipulation or designations under paragraph (1) of this subdivision (b).

This rule should not be overlooked, especially not in actions of this magnitude represented here.